COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SYBLE HOOD, | § | No. 08-07-00324-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 109th District Court |
| EDWARD D. JONES & CO., L.P. AND | § | |
| ROBBY R. ROGERS, | | of Andrews County, Texas |
| | § | |
| Appellees. | | (TC#14,971) |
| | § | |

**O P I N I O N**

This appeal arises from a lawsuit filed by Syble Hood against Edward D. Jones & Co., L.P. and Robby R. Rogers for wrongful discharge based on age discrimination. Summary judgment was granted in favor of Rogers on October 12, 2006. Two weeks later, Hood's claims against Jones were submitted to a jury, which returned a take-nothing judgment in Jones' favor. The next day, Hood sought relief pursuant to Rule 166a(h)[1] based on discrepancies between affidavits filed in support of Rogers' motion for summary judgment and trial testimony offered by Rogers and other Jones' employees. She also filed a motion for sanctions pursuant to Rule 13. Over the next few months, Hood filed two supplements to these motions, a motion to compel discovery, two subpoenas *dueces tecum*, and additional requests for production of documents. Appellees filed responses claiming attorney/client privilege, a motion to quash the subpoena *duces tecum*, a motion for protective order, and a request for expenses pursuant to Rule 215.1(d). Ultimately, the trial court denied relief to

---

[1] Rule 166a(h) relates to summary judgment affidavits made in bad faith: "Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith . . . the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees . . . ." TEX.R.CIV.P. 166a(h).

Hood and awarded attorney's fees and costs in favor of Appellees instead.[2]  Hood and her attorney

filed a joint notice of appeal.  This appeal addresses only the denial of Hood's requested sanctions

and the fees and costs awarded against her attorney.

## FACTUAL SUMMARY

On April 18, 1990, Hood was employed as a Branch Office Administrator (BOA) of the

Andrews, Texas office of Edward D. Jones & Co.  She was 55 years old at the time she was hired.

Robby Rogers was her  manager and the Investment Representative for the office.  Hood was fired

on May 1, 1998 for insubordination, poor work performance, failure to perform ordered tasks, and

absenteeism.  On November 2, 1998, she filed suit alleging that she was wrongfully terminated based

upon her age.[3]  The final judgment was signed  January 3, 2007.  Shortly thereafter, Hood filed a fifth

request for production by which she sought:

> Any documents in your "POSSESSION, CUSTODY, OR CONTROL" which reflect
> the IDENTITY of all persons or entities who participated in any way in drafting
> and/or making revisions to and final approval of Defendant, Robby Rogers' Motion
> for Lack of Jurisdiction and Motion for Summary Judgment and Brief in Support
> Thereof dated January 4, 2006 and the affidavits of Robby R. Rogers and Steve
> Rarick, attached as Exhibit A and B thereto including, but not limited to, faxing,
> mailing or emailing of the drafts of the same or the final drafts of the motion and
> affidavits and any discussions of and decisions made by and between McWhorter,
> Cobb & Johnson, L.L.P., Edward D. Jones & Co., L.P, Kimber Monroe, and/or the
> Edward D. Jones' legal department, Steve Rarick and Robby R. Rogers or any other
> person or entity, their representatives, agents, servants and employees.
>
> Any documents in your "POSSESSION, CUSTODY, OR CONTROL" which reflect
> all discussions of and all decisions made regarding all drafts and/or revisions and
> final approval for Defendant, Robby Rogers' Motion for Lack of Jurisdiction and

---

[2]  The propriety of the summary judgment in favor of Rogers and the denial of discovery under Rule 166a(h) are pending in a separate appeal before the Court, bearing cause number 08-07-00093-CV.

[3]  For our purposes here, an employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer discharges an individual.  TEX.LAB.CODE ANN. § 21.051 (Vernon 2006).

Motion for Summary Judgment and Brief in Support Thereof dated January 4, 2006 and the affidavits of Robby R. Rogers and Steve Rarick, attached as Exhibit A and B thereto including, but not limited to, faxes, mailed documents, letters of transmittal, memos, notes, emails by and between McWhorter, Cobb & Johnson, L.L.P., Edward D. Jones & Co., L.P., Kimber Monroe, and/or the Edward D. Jones' legal department, Steve Rarick and Robby R. Rogers or any other person or entity, their representatives, agents, servants and employees.

Appellees responded that the documents requested were privileged under Rule 192.5 and Rule of Evidence 503. Hood countered with a motion to compel production and a motion to submit the documents to an *in camera* review. Appellees filed a request for expenses pursuant to Rule 215.1(d). On February 22, 2007, the trial court signed orders denying Hood's motions.

## SANCTIONS

The sole issue presented is whether the trial court erred in denying Hood's motion for sanctions and in awarding attorneys' fees and expenses to Appellees. The decision to impose Rule 13 sanctions lies within the trial court's sound discretion. *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 895 (Tex.App.–Houston [14th Dist.] 2000, no pet.). We will not set aside a sanctions order absent an abuse of discretion. *Id*. A trial court abuses its discretion by (1) acting arbitrarily and unreasonably, without reference to any guiding rules or principles, or (2) misapplying the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will overturn a trial court's discretionary ruling only when it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id*. Our review encompasses an examination of the entire record. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

Rule 13 requires that a party demonstrate that the pleadings are groundless, or that the opposing party brought the claim in bad faith or to harass the party. TEX.R.CIV.P. 13. "One purpose of the rule is to check abuses in the pleading process; that is, to ensure that at the time the challenged

pleading was filed, the litigant's position was factually grounded and legally tenable." *Appleton v. Appleton*, 76 S.W.3d 78, 86-87 (Tex.App.–Houston [14th Dist.] 2002, no pet.), *citing Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The trial court must examine the facts and circumstances in existence at the time the pleading was filed to determine whether Rule 13 sanctions are proper. *Id.* Bad faith does not exist when a party merely exercises bad judgment or is negligent; rather, "it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Id.* Courts must presume the papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. *Id.*

## Denial of Hood's Request for Sanctions

At the hearing on Hood's motion, her attorney admitted that he had no evidence to support his claim that Appellees should be sanctioned. He testified to his personal belief that the affidavits were intentionally drafted so that Rogers could prevail on his motion for summary judgment. Counsel argued that someone had made the decision to include statements in the affidavits that were not true. Thus, he needed post-judgment discovery of the attorneys' files to gather the evidence he believed would establish bad faith. Once he found the evidence of bad faith, he could support his request for sanctions.

Hood had requested post-judgment relief under Rule 13 and Rule 166a(h). Her request derives from the purported contradiction between affidavits in support of Rogers' motion for summary judgment and trial testimony of Rogers, Rarick, and Kranzberg. Simply stated, the issue is whether Rogers had the right to terminate employees without approval of the Human Resources Department. Hood alleges that the affidavits were not the result of mere bad judgment and negligence, but were consciously drafted and executed to obtain dismissal of the claims against Rogers, with Jones' employees knowing full well the statements were false. Appellees respond that

the affidavits are not false merely because Jones has procedures in place requiring ratification by Human Resources. Alternatively, they argue that even if the statements were contradictory, it is not an indication of dishonesty or bad faith. *Appleton*, 76 S.W.3d at 86-87. It is "the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose," which must be shown for relief under Rule 13. *Campos v. Ysleta General Hosp., Inc.*, 879 S.W.2d 67, 71 (Tex.App.–El Paso 1994, writ denied).

The trial court's decision to deny post-judgment discovery is not at issue in this appeal. Here, Hood only challenges the trial court's denial of her request for sanctions. In the absence of any evidence to support the sanctions, we are hard pressed to conclude that the trial court abused its discretion.

## Award of Fees and Costs

Hood briefly attacks the award of fees and costs, which she characterizes as Rule 13 sanctions. She argues that Appellees were required to demonstrate bad faith and she complains that the trial court failed to identify any sanctionable conduct. Actually, Appellees requested relief pursuant to Rule 215.1(d), which provides in pertinent part:

(d) *Disposition of Motion to Compel:  Award of Expenses.*

. . .

If the motion is denied, the court may, after opportunity for hearing, require the moving party or attorney advising such motion to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

The motions to compel and the motion for sanctions were filed by Hood. The trial court denied the motions and then considered Appellees' request for expenses. In determining the amount of attorneys' fees and reasonable expenses, the rule requires the court to "award expenses which are

reasonable in relation to the amount of work reasonably expended in obtaining an order compelling compliance or in opposing a motion which is denied." TEX.R.CIV.P. 215.1(d). Counsel for Jones testified that his firm had incurred $9,050 in attorneys' fees and $258.31 in expenses related to Hood's motions. The trial court ordered that Hood's attorney pay to Appellees $3,000 in fees and $258.31 in expenses, the reasonableness of which is not questioned here. Finding no abuse of discretion, we overrule the sole issue and affirm the judgment of the trial court below.


ANN CRAWFORD McCLURE, Justice

January 29, 2009

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment