James **RUDISELL**, Appellant,

v.

James **PAQUETTE**, Appellee.

No. 13–00–00748–CV.

Court of Appeals of Texas, Corpus Christi-Edinburg.

Oct. 10, 2002.

medical evidence of penetration was material   for *Brady* purposes.

Frank A. Lazarte, Frank G. Davila, Corpus Christi, for appellant.

Christopher E. McJunkin, Corpus Christi, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from an order granting sanctions against appellant, James Rudi-

sell, and his attorney [1] for filing an *ex parte* motion to vacate a writ of possession and failing to appear for a hearing on the motion. By a single point of error, appellant contends the trial court erred in granting sanctions against him under either Texas Rule of Civil Procedure 13 or chapter 10 of the Texas Civil Practice and Remedies Code because: (1) there is no evidence that the motion to vacate the writ of possession was "(a) groundless and brought in bad faith, or (b) groundless and brought for purposes of harassment;" (2) there is no evidence that he, individually, violated rule 13; (3) there is no evidence that the motion to vacate writ of possession violated chapter 10; (4) he was not given due and proper notice, and thus was denied his due process rights under Texas law; and (5) the sanctions order is deficient because it fails to state the specific reasons for the sanctions and does not contain any findings of fact or conclusions of law. We reverse and remand.

## A. BACKGROUND

This case originated as a tax suit brought by the governmental taxing authorities of Nueces County against Gene Crane, the record owner of the subject real property, for the non-payment of city and county taxes. A judgment was rendered in favor of the governmental units, and they sold the property at public auction to appellee, James Paquette. Appellee obtained a writ of possession on the property and was in the process of executing it when appellant filed his "Motion to Vacate Writ of Possession" in the trial court. In the motion, appellant also requested that the trial court grant an immediate stay of the writ of possession. The trial court granted the requested stay and set the motion for hearing on November 8, 2000. Appellee filed a response asserting that the motion to vacate was a frivolous and harassing pleading, having no basis in law or fact, and requesting that the court impose sanctions against appellant under rule 13 of the rules of civil procedure and/or chapter 10 of the civil practice and remedies code in an amount equal to the costs and expenses associated with the canceled execution of the writ of possession. *See* TEX.R. CIV. P. 13; TEX. CIV. PRAC. & REM.CODE ANN. §§ 10.001–10.005 (Vernon Supp.2002).

On November 8, 2000, neither appellant nor his trial counsel appeared in court to present the motion to vacate. After finding that appellant had notice of the hearing, the trial court heard evidence and signed an order reinstating the writ of possession. However, in order to give appellant an opportunity to explain his absence, the court decided not to rule on appellee's motion for sanctions for five days. On November 9, 2000, appellant filed a motion to reconsider, but the motion did not address appellant's failure to appear for the November 8 hearing. The trial court granted appellee's request for sanctions and signed the following order on November 16, 2000:

> On November 8, 2000 came on for consideration the Motion of James Rudisell to Vacate a Writ of Possession. James Rudisell totally failed to appear personally or by his attorney Michael Williams. The owner of the property James Paquette, was represented personally and by and through his attorney Paula S. Waddle. The Court, having heard sworn testimony of Respondent James Paquette concerning his ownership of the property, efforts to take pos-

---

1. Appellant's attorney, Michael Williams, is not a party to this appeal, and the order granting sanctions against him is final.

session of the property and costs and expenses thereof in the amount of $702.27, and from his attorney, Paula S. Waddle, concerning the amount and reasonableness of her attorney fees in the amount of $3,200.00, and it appearing that the Request for Sanctions in Respondent's Response has merit and it further appearing that more than five (5) days have elapsed since the hearing on the Response and Paquette's request for sanctions contained in his Response, it is hereby granted in all things.

IT IS HEREBY ORDERED THAT Paula S. Waddle, attorney for Respondent shall receive $3,200.00 for legal fees and costs as sanctions, and James Paquette, Respondent, shall receive $702.27 for his travel costs and expenses as sanctions, from Movant and his counsel Michael Williams, for which let execution lie.

All relief not granted is hereby denied.

## B. SANCTION ORDER

In the fifth sub-point of his sole point of error, appellant contends the trial court erred in granting sanctions against him under either Texas Rule of Civil Procedure 13 or chapter 10 of the Texas Civil Practice and Remedies Code because the sanction order is deficient. Specifically, appellant asserts the sanction order does not state the specific reasons for the sanctions and fails to include findings of fact and conclusions of law.

### 1. *Preservation of Error*

■ On December 11, 2000, appellant filed a motion for new trial arguing, *inter alia,* that his motion to vacate the writ of possession was legally supportable on the basis that the writ of possession had been improperly issued pursuant to a repealed statute. Appellant detailed the statutory

evidence in support of his claim and asserted that his claim had merit.

This Court has recently held that such a complaint is sufficient to preserve an issue for appellate review. *See West v. Maint. Tool & Supply Co.,* 89 S.W.3d 96, 108, 2002 Tex.App. LEXIS 6458, at *29 (Corpus Christi August 30, 2002, no pet. h.) (construing such a complaint as challenging both the form of the order by questioning its failure to meet the particularity requirements of rule 13, and the sufficiency of the evidence to support the imposition of sanctions). Accordingly, we hold that appellant's complaint of the trial court's sanction order was preserved through his motion for new trial. *See id.* (citing *Gorman v. Gorman,* 966 S.W.2d 858, 867 (Tex. App.-Houston [1st Dist.] 1998, pet. denied)).

### 2. *Standard of Review*

■ Imposing an available sanction is left to the sound discretion of the trial court. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). Thus, we review the trial court's actions under an abuse of discretion standard of review. *Home Owners Funding Corp. of Am. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.-Corpus Christi 1991, no writ). The test for determining whether the trial court abused its discretion is whether it acted without reference to any guiding rules and principles; in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

### 3. *Rule 13*

■ Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment.

TEX.R. CIV. P. 13. The rule defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* In determining whether sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Alejandro v. Bell*, 84 S.W.3d 383, 392 (Corpus Christi 2002, no pet. h.).

The rule further dictates that "[n]o sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." TEX.R. CIV. P. 13; *Rodriguez v. State Dep't of Highways & Pub. Transp.*, 818 S.W.2d 503, 505 (Tex.App.-Corpus Christi 1991, no writ). In order for a trial court to act within its discretion to impose rule 13 sanctions, it must state with particularity good cause for finding that the pleadings upon which the sanctions are based were groundless and brought in bad faith or for purposes of harassment. *Gorman*, 966 S.W.2d at 867.

In reviewing an award of sanctions, we ordinarily look to the particulars of good cause set out in the sanction order. *Woodward v. Jaster*, 933 S.W.2d 777, 782 (Tex.App.-Austin 1996, no writ). This particularity requirement serves several important purposes. First, it ensures that the trial court is held accountable and adheres to the standard of the rule. *Thomas v. Thomas*, 917 S.W.2d 425, 432 (Tex.App.-Waco 1996, no writ). Second, it requires the trial court to reflect carefully on its order before imposing sanctions. *Friedman & Assocs., P.C. v. Beltline Rd., Ltd.*, 861 S.W.2d 1, 2 (Tex.App.-Dallas 1993, writ dism'd by agr.). Third, it informs the offending party of the particular conduct warranting sanction for the purpose of deterring similar conduct in the future. *Id.* at 2–3. And fourth, it enables the appellate court to review the order in light of the particular findings made by the trial court. *GTE Communications Sys. Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex. App.-San Antonio 1991, orig. proceeding).

In this case, the trial court's order does not state any facts or particulars warranting good cause for the imposition of sanctions. While it does state that appellee's request for sanctions appears to have "merit," the order fails to specify any finding that the pleadings upon which the sanctions were based were groundless and brought in bad faith or for purposes of harassment, as required by the rule. *See* TEX.R. CIV. P. 13.

The sanction order notes that appellant failed to attend the November 8, 2000 hearing, however, we are not convinced that this conduct, having nothing to do with the groundlessness of any pleading or motion, justifies or supports an award of sanctions under rule 13. We conclude the trial court's failure to state the particulars of good cause in the sanction order amounts to non-compliance with rule 13. *See Thomas*, 917 S.W.2d at 433. Accordingly, we hold the trial court abused its discretion by failing to comply with rule 13. *See Tarrant County v. Chancey*, 942 S.W.2d 151, 155 (Tex.App.-Fort Worth 1997, no writ); *Kahn v. Garcia*, 816 S.W.2d 131, 132–33 (Tex.App.-Houston [1st Dist.] 1991, orig. proceeding); *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex.App.-Houston [14th Dist.] 1990, writ denied) (holding that failure to state the particulars of good cause in a sanction order renders it unenforceable).

We must now determine whether the trial court's error is harmful. *See Powers v. Palacios*, 771 S.W.2d 716, 719 (Tex.App.-Corpus Christi 1989, writ denied) (conducting harmless error analysis after finding rule 13 sanction order defi-

cient). We will not reverse a judgment on appeal "on the ground that the trial court made an error of law unless [we] conclude that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." Tex.R.App. P. 44.1(a).

In *Powers*, the trial court imposed sanctions under Texas Civil Practice and Remedies Code section 9.012 against Powers and her attorney for filing a frivolous suit. *Powers*, 771 S.W.2d at 717. The trial court imposed these sanctions after appellants filed a nonsuit without prejudice just days before the opposing party's motion for summary judgment was to be heard. *Id.* at 717–18. The record of the sanctions hearing showed the trial court found appellant's suit to be frivolous. *Id.* at 719. On appeal, Powers argued that the trial court had failed to comply with the requisites of section 9.012, modified by rule 13, by failing to state the particulars of good cause in its sanction order. *Id.* at 718. We concluded that any error by the trial court in failing to state the particulars of good cause in its sanction order was harmless because the trial court did not so "obscure its reasoning" as to prevent appellant from being able to present his issue on appeal. *Id.* at 719.

In this case, the sanction order does not reveal the trial court's reasoning. *See* Tex. R.App. P. 44.1(a)(2). Meaningful appellate review is precluded "because the sanctioned party [is] unable to overcome the presumption that the trial court found necessary facts in support of its judgment." *GTE Communications*, 819 S.W.2d at 654. Therefore, we hold the trial court's failure to comply with rule 13 is reversible error.

#### 4. *Chapter 10*

■ Chapter 10 of the Texas Civil Practice and Remedies Code authorizes a trial court to impose sanctions upon a person, a party represented by the person, or both, for advancing frivolous pleadings or motions. Tex. Civ. Prac. & Rem.Code Ann. §§ 10.001(1), 10.004(a) (Vernon Supp.2002). In imposing sanctions under this chapter, a trial court is required to specifically detail the sanctionable conduct in its order. Section 10.005 mandates that "[a] court *shall* describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." Tex. Civ. Prac. & Rem.Code Ann. § 10.005 (Vernon Supp.2002) (emphasis added). The use of the word "shall" in the statute indicates that the requirement for particularity in the sanction order is mandatory. *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex.App.-Fort Worth 1999, pet. denied) (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex.1999)).

■ We conclude that the sanction order in this case fails to comply with the mandatory language of section 10.005. *See* Tex. Civ. Prac. & Rem.Code Ann. § 10.005 (Vernon Supp.2002). The trial court's order does not describe the conduct that violates section 10.001, nor does it describe the reasons warranting the sanctions imposed. The order only generally notes that appellant failed to appear at the hearing on the Motion to Vacate Writ of Possession and that the request for sanctions of appellee appears to have "merit." Thus, we hold the trial court abused its discretion by entering a sanction order without describing the conduct that violated section 10.001 and failing to explain the basis for imposing such sanctions.

We sustain the fifth sub-point of appellant's sole point of error. In light of our disposition of this sub-point, it is not necessary that we address the remaining sub-

points of appellant's sole point of error. *See* Tex.R.App. P. 47.1.

### C.  Conclusion

We reverse the trial court's sanction order and remand the case to the trial court for further proceedings consistent with this opinion.