Alejandro v. Robstown ISD
















NUMBER 13-01-00780-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JESUS ALEJANDRO,                                                                  Appellant,

v.

ROBSTOWN INDEPENDENT SCHOOL DISTRICT, ET AL.,      Appellees.
                                                                                                                       

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                       

OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Hinojosa

          Appellant, Jesus Alejandro, was terminated from his position as the Assistant
Superintendent for Business and Finance with the Robstown Independent School District
(“RISD”). Appellant sued the following appellees: RISD; Leobardo Cano, individually and
in his official capacity as RISD’s Superintendent of Schools (“Superintendent Cano”); and
Adolfo Lopez and Oscar Lopez, individually and in their official capacities as members of
the RISD Board of Trustees. Appellant alleged retaliatory discharge under the Texas
Whistleblower Act (“the Act”).


 The trial court granted appellees’ motion for directed verdict
and assessed sanctions against appellant and his attorney in the amount of $23,764.77
for the costs, expenses, and attorneys fees incurred by appellees in defending the suit. 
By two points of error, appellant contends: (1) the trial court erred in granting a directed
verdict; and (2) the evidence is legally insufficient to support the sanctions imposed against
him. We affirm the trial court’s judgment granting the directed verdict. We reverse the trial
court’s sanctions order and render judgment that appellees’ motion for Texas Rule of Civil
Procedure 13 sanctions be denied.
A. Factual Background
          As part of his duties as RISD’s Assistant Superintendent for Business and Finance,
appellant reviewed and approved purchase orders for travel and related expenses for RISD
employees and school board members. In September 1998, RISD school board members
Adolfo Lopez and Oscar Lopez went on an RISD business trip accompanied by their
spouses. RISD paid the airfare for both board members and their spouses. Appellant
reviewed and approved the purchase orders for the travel and authorized the check to be
issued to the travel agency. After the trip, Adolfo Lopez and Oscar Lopez reimbursed
RISD for their respective spouses’ flights.
          On December 9, 1998, appellant wrote to Superintendent Cano, alleging that Adolfo
Lopez and Oscar Lopez had engaged in the misuse of public funds, abuse of office, and
official misconduct. In the letter, appellant claimed that Adolfo Lopez and Oscar Lopez had
illegally used RISD funds to pay for their respective spouses’ airfare, and that such conduct
violated article 3, section 52(a) of the Texas Constitution


 and section 39.02(a) of the penal
code.


 Appellant further claimed that expenses for a second hotel room,


 the personal use
of a van rented by RISD for the business trip, and $30 in valet parking were unnecessary
and unreasonable expenses and, thus, violated section 45.105 of the Texas Education
Code.


 Lastly, appellant alleged that claiming a full per diem reimbursement when
receiving a complimentary meal violated section 37.10 of the penal code.



B. Directed Verdict
          By his first point of error, appellant contends the trial court erred in granting
appellees’ motion for directed verdict. He asserts there are disputed issues of material fact
on each element of his claim that cannot be resolved as a matter of law and require
submission to a jury.
          A court may direct a verdict when a plaintiff fails to present evidence raising a fact
issue essential to the plaintiff’s right of recovery. Prudential Ins. Co. of Am. v. Fin. Review
Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). A trial court may also direct a verdict for a
defendant if the plaintiff admits or the evidence conclusively establishes a defense to the
plaintiff’s cause of action. Reyna v. First Nat’l Bank, 55 S.W.3d 58, 69 (Tex. App.–Corpus
Christi 2001, no pet.).
          On review, we examine the evidence in the light most favorable to the party against
whom the verdict was rendered and disregard all contrary evidence and inferences. Qantel
Bus. Sys. v. Custom Controls, 761 S.W.2d 302, 303-04 (Tex. 1988). When reasonable
minds may differ as to the truth of controlling facts, the issue must go to the jury. Collora
v. Navarro, 574 S.W.2d 65, 68 (Tex. 1978); Villegas v. Griffin Indus., 975 S.W.2d 745, 749
(Tex. App.–Corpus Christi 1998, pet. denied). When no evidence of probative force on an
ultimate fact element exists, or when the probative force of testimony is so weak that only
a mere surmise or suspicion is raised as to the existence of essential facts, the trial court
has a duty to instruct the verdict. Villarreal v. Art Inst. of Houston, Inc., 20 S.W.3d 792, 796
(Tex. App.–Corpus Christi 2000, no pet.). The reviewing court may affirm a directed verdict
even if the trial court’s rationale for granting the directed verdict is erroneous, provided it
can be supported on any other basis. Id.
1. Causal Link between Report and Termination
          Appellant asserts he satisfied the elements of a whistleblower claim because he
reported, in good faith, the alleged misuse of public funds, abuse of office, and official
misconduct by Adolfo Lopez and Oscar Lopez to the County Attorney, District Attorney,
and Texas Education Agency (“TEA”).
          Under the Texas Whistleblower Act, public employees are protected from retaliation
for reporting, in good faith, violations of law by the employing governmental entity or
another public employee to an appropriate law enforcement authority. Tex. Gov’t Code
Ann. § 554.002(a) (Vernon Supp. 2004). To establish causation in a whistleblower action,
a public employee must prove that without the report of a violation of law, the employer’s
prohibited conduct would not have occurred when it did. Tex. Dep’t of Human Servs. v.
Hinds, 904 S.W.2d 629, 636 (Tex. 1995). The plaintiff is required to establish a “but for”
causal nexus between the report of misconduct and the employer’s actions. Tex. Natural
Res. Conservation Comm’n v. McDill, 914 S.W.2d 718, 723 (Tex. App.–Austin 1996, no
writ). A jury may not infer causation without some evidence from the plaintiff to support
such a finding. City of Fort Worth v. Zimlich, 29 S.W.3d 62, 68 (Tex. 2000). The Texas
Supreme Court has noted that certain circumstantial evidence may be sufficient to
establish a causal link between the adverse employment action and the reporting of illegal
conduct. Id. at 69. Such evidence includes: (1) knowledge of the report of illegal conduct;
(2) expression of a negative attitude toward the employee’s report of the conduct; (3)
failure to adhere to established company policies regarding employment decisions; (4)
discriminatory treatment in comparison to similarly situated employees; and (5) evidence
that the stated reason for the adverse employment action was false. Id.
          The record in this case shows that in February 1999, after appellant’s report
concerning the actions of Adolfo Lopez and Oscar Lopez, Superintendent Cano conducted
appellant’s annual performance review. Despite some evidence of weak performance in
a few vital areas, appellant’s employment continued on the same terms.
          On April 1, 1999, TEA issued its final report in an investigation of RISD that had
been initiated prior to appellant’s report. TEA revealed several instances of deviations from
RISD policy by the business office. For example, on one occasion, the business manager
failed to obtain the superintendent’s approval before he ordered payment to the district’s
legal counsel, in violation of local policy. In view of these problems, TEA assigned a
monitor to oversee operations at RISD and recommended an audit of RISD’s financial
practices and procedures.
          Effective May 20, 1999, Superintendent Cano reassigned appellant from the
business office to a position within RISD with supervision over: (1) the energy conservation
program; (2) the records management program; and (3) the workers’ compensation and
safety program. The letter of reassignment stated, “[n]othing in this reassignment of your
duties will cause any change in your compensation, benefits, or contract status. You will
continue to have the same pay rate and benefits in your new position.” The letter listed the
results of the TEA investigation as support for Superintendent Cano’s decision. The school
board upheld the reassignment.
          Concurrently, in compliance with the TEA report and the TEA monitor’s request,
Superintendent Cano ordered a special audit of the business office. As a result of that
audit, TEA uncovered appellant’s violation of competitive bidding laws and appellant’s own
unreimbursed expense for a trip to New York City.
          In August 1999, Superintendent Cano and the school board initiated the process to
terminate appellant’s employment. Superintendent Cano provided appellant with written
notice of the reasons for termination, including failure to comply with board policies and
TEA regulations, appellant’s violation of competitive bidding laws, and appellant’s use of:
(1) RISD property for personal business, (2) RISD computer to visit inappropriate internet
sites, and (3) unauthorized telephone recording equipment. Finally, on October 25, 1999,
appellant’s employment was terminated as a result of Superintendent Cano’s
recommendation and school board vote.
          Considering the evidence in the light most favorable to the party against whom the
verdict was rendered, we cannot say that the trial court erred in directing a verdict in favor
of appellees. Appellant’s termination occurred more than ten months after his report. 
Thus, appellant was not entitled to a presumption that his termination was retaliatory. See
Tex. Gov’t Code Ann. § 554.004(a) (Vernon Supp. 2004) (allowing for rebuttable
presumption of causal connection if adverse employment action occurs not later than 90
days after employee reports violation of law).
          In light of the stated reasons for appellant’s termination and the evidence presented
in support thereof, we conclude that the evidence fails to establish a “but for” causal nexus
between appellant’s report and appellant’s reassignment and eventual termination. 
Accordingly, we hold that appellant failed to present any evidence raising a fact issue
essential to his right of recovery. See Prudential Ins. Co., 29 S.W.3d at 77.
2. Personal Liability of the Individual Defendants
          The Act creates a private cause of action against the employing “state or local
governmental entity.” See Tex. Gov’t Code Ann. § 554.002(a) (Vernon Supp. 2004). 
However, the Act limits personal liability for individual defendants to a civil penalty. See
Tex. Gov’t Code Ann. § 554.008(e) (Vernon Supp. 2004).


 Thus, under the Act, appellant
has no private right of action against any of the appellees in their individual capacities. See
Austin v. Healthtrust, Inc., 967 S.W.2d 400, 401 (Tex. 1998) (declining to create private
common-law cause of action). Therefore, the trial court did not err in granting a directed
verdict on appellant’s claims against appellees in their individual capacities.
          We overrule appellant’s first point of error.
C. Sanctions
          By his second point of error, appellant contends the evidence is legally insufficient
to support the sanctions imposed against him. Appellees contend the trial court properly
imposed sanctions based entirely on the testimony adduced at trial.
          Imposing an available sanction is left to the sound discretion of the trial court. 
Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990). Thus, we review the trial court’s
actions under an abuse-of-discretion standard of review. Rudisell v. Paquette, 89 S.W.3d
233, 236 (Tex. App.–Corpus Christi 2002, no pet.). The test for determining whether the
trial court abused its discretion is whether it acted without reference to any guiding rules
and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). A trial court abuses its discretion in imposing sanctions only if it bases its order on
an incorrect view of the law or an erroneous assessment of the evidence. Randolph v.
Jackson Walker, L.L.P., 29 S.W.3d 271, 276 (Tex. App.–Houston [14th Dist.] 2000, pet.
denied).
          Rule 13 authorizes a trial court to impose sanctions against an attorney, a
represented party, or both, who file a groundless pleading brought in bad faith or brought
for the purpose of harassment. Tex. R. Civ. P. 13. In determining whether sanctions are
appropriate, the trial court must examine the facts available to the litigant and the
circumstances existing when the litigant filed the pleading. Rudisell, 89 S.W.3d at 237.
          Courts must presume that pleadings, motions, and other papers are filed in good
faith, and the party moving for sanctions bears the burden of overcoming this presumption. 
Tex. R. Civ. P. 13; GTE Communications Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex.
1993) (orig. proceeding). Rule 13 requires that the trial court provide notice and hold an
evidentiary hearing to make the necessary factual determinations about the motives and
credibility of the person filing the groundless pleading. N.Y. Underwriters Ins. Co. v. State
Farm Mut. Auto Ins. Co., 856 S.W.2d 194, 205 (Tex. App.–Dallas 1993, no writ); Home
Owners Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 888-89 (Tex. App.–Corpus
Christi 1991, no writ). Without such a hearing, the trial court has no evidence before it to
determine that a pleading was filed in bad faith or to harass. New York Underwriters, 856
S.W.2d at 205.
          In the instant case, appellees filed a motion for rule 13 sanctions after the trial court
granted their motion for directed verdict. After notice, the trial court held an evidentiary
hearing. At the hearing, appellees argued that appellant did not file his whistleblower suit
in good faith, relying on the relevant facts of appellant’s conduct introduced at trial. The
trial court then stated: “All right. All I’ve heard from so far are the lawyers. Do we have any
evidence on the sanction request?” Appellees then presented evidence regarding the
amount of costs and attorneys fees they had incurred in defending the suit. The trial court
found the suit to be groundless and ordered sanctions.
          A movant seeking rule 13 sanctions must establish both: (1) the frivolity of the
opponent’s claim; and (2) the improper motives underlying the decision to file the suit,
motion, or document. Karagounis v. Prop. Co. of Am., 970 S.W.2d 761, 765 (Tex.
App.–Amarillo 1998, pet. denied). “This in turn makes it imperative for the trial court to
convene and conduct an evidentiary hearing.” Id. (Emphasis in original). 
          While some facts adduced during the trial of this case arguably established
appellant’s improper motives,


 appellees never offered or introduced any such evidence
at the sanctions hearing. At the hearing, appellees presented evidence only on the amount
of costs, expenses, and attorneys fees incurred in defending the suit. They did not ask the
trial court to consider or take judicial notice of any evidence heard during the trial. As we
have held previously, evidence must be admitted in compliance with the rules of evidence
at the evidentiary hearing for a trial court to consider it in a rule 13 context. Alejandro v.
Bell, 84 S.W.3d 383, 393 (Tex. App.–Corpus Christi 2002, no pet.); see also McCain v.
NME Hosps., Inc., 856 S.W.2d 751, 757 (Tex. App.–Dallas 1993, no writ) (reaffirming that
motions and arguments of counsel are not evidence in a rule 13 context).
          Having failed to receive into evidence the relevant facts regarding the circumstances
surrounding the filing of the lawsuit, the trial court had no evidence before it to determine
the motives and credibility of the person filing the allegedly groundless pleading or the
relevant culpability of appellant or his attorneys. See New York Underwriters, 856 S.W.2d
at 205. Accordingly, we hold that the trial court abused its discretion in assessing rule 13
sanctions against appellant. Appellant’s second point of error is sustained.
          We affirm the trial court’s judgment granting appellees’ motion for directed verdict. 
We reverse the trial court’s sanctions order and render judgment that appellees’ motion for
sanctions be denied.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Opinion delivered and filed this
the 1st day of April, 2004.