

**NUMBER 13-11-00227-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF L.N.B.C., A CHILD

**On appeal from the 57th District Court
of Bexar County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Benavides**

This appeal involves an order for sanctions and award of attorney's fees against appellant Earle Cobb, Jr. in the related underlying action. By one issue, Cobb contends that the trial court abused its discretion when it rendered its order in favor of Christopher Campana. We reverse and set aside the order for sanctions, including attorney's fees, because the trial court abused its discretion in rendering it.

# I. BACKGROUND[1]

After it finalized the underlying suit to modify the parent-child relationship, the trial court signed a separate order for sanctions, including an award of attorney's fees against Cobb and in Campana's favor. *See* TEX. R. CIV. P. 13. Cobb is an attorney who represented Katheryn Burnett in the underlying action involving L.N.B.C, a child. Attorney Jacqueline Kriebel represented Campana.[2]

According to the record, Campana sought sanctions against Cobb twice in this case. The first motion for sanctions was filed on January 21, 2011 on grounds that Cobb: (1) repeatedly misrepresented facts to the court; (2) unethically communicated with Campana outside the presence of Campana's counsel at Bexar County Presiding Court, in an attempt to coerce Campana to sign a final order; and (3) wasted the court's and parties' time by golfing on the day of a scheduled hearing.

On January 28, 2011, the trial court held a hearing on final orders and the motion for sanctions. The trial court signed the final orders in the underlying suit affecting the parent-child relationship and also heard arguments on Campana's motion for sanctions. The trial court made the following comments to Cobb:

> THE COURT: My concern here, Mr. Cobb, is that you came into court unprepared, that you came into court without expressly having reviewed the order, that once you took the time to review it with the

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] We note that Campana did not file an appellee's brief in this case.

> help of [another attorney]—grant it [sic] the order was fine—the order was entered, there was [sic] no changes made, there was no hearing needed. And those are where my concerns lie as far as the Court's time.
>
> I have some serious concerns about many different things that happened this morning. I'm not going to put those on the record at this time. However, I feel that sanctions would be in order in this case, and I'm going to sanction $500 to you, sir, to be paid within a week's time.

On February 15, 2011, Campana filed a second motion for sanctions and attorney's fees pursuant to Rule 13, on the grounds that Cobb filed a frivoulous motion to harass Campana and his attorney.[3]

On February 25, 2011, the trial court signed a "Judgment for Attorney's Fees and Sanctions," pursuant to a hearing held on February 11, 2011,[4] rendered against Cobb in the amount of $2,500.00 for attorney's fees and $500.00 for sanctions. The order stated, in part:

> The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment for attorneys fees and sanctions should be rendered for [Campana] against Earl [sic] Cobb, Jr., Respondent's Attorney.
>
> It is accordingly ADJUDGED that Christopher Campana, Plaintiff, by and through Attorney Jacqueline Kriebel, Plaintiff's Attorney, recover from Earl [sic] Cobb, Jr., Defendant's Attorney, judgment for-
>
> 1.  $2500.00 as attorney's fees, payable by April 15, 2011[;]

---

[3] The motion was labeled "Order for Social Study and other Matters Regarding petition to Modify," filed February 14, 2011.

[4] The record does not contain the transcript of a hearing held on February 11, 2011. Nevertheless, we will examine the trial court's written judgment signed February 25, 2011 for purposes of this appeal. *See In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that "[a] written judgment or order controls over a trial court's oral pronouncement").

4. [sic] $500.00 for sanctions, due and payable by March 1, 2011; and

5. interest at the rate of six (6) percent per year on the total judgment from the date of judgment until paid.

It is ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

All relief not expressly granted herein is denied.

This appeal ensued on the order for sanctions, including the award of attorney fees.[5]

## II.    APPLICABLE LAW & STANDARD OF REVIEW

Rule 13 allows a trial court to impose sanctions against an attorney, a represented party, or both, who file a fictitious or groundless pleading, motion, or other paper brought in bad faith or for the purposes of harassment. *See* TEX. R. CIV. P. 13. "Groundless" is defined by the rule as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* Furthermore, no sanctions may be imposed without good cause, with the particulars stated in the sanction order. *Id.* In determining whether sanctions are warranted, a trial court must "examine the facts and circumstances in existence at the time the pleading was filed." *Hood v. Edward D. Jones & Co., L.P.*, 277 S.W.3d 505, 508 (Tex. App—El Paso 2009, pet. denied).

We review a trial court's award for sanctions under an abuse of discretion standard. *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 346 (Tex. App—San Antonio 1994, writ denied). A trial court's discretion is broad and will only be disturbed if

---

[5] Under Rule 13, a trial court is permitted in a sanctions order to require the offending party to pay attorney fees, among other orders. *See* Tex. R. Civ. P. 13; *id* at 215.2(b)(8). As such, we will review the sanctions order and award for attorney fees as one final judgment. *See id.*

the trial court's action was "arbitrary or unreasonable in light of all the circumstances in the particular case." *Id.* In exercising this discretion, the trial court must "state with particularity. . . good cause for finding that the pleadings upon which sanctions are based were groundless and brought in bad faith or for the purposes of harassment." *Gorman v. Gorman*, 966 S.W.2d 858, 867 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see also Rudisell v. Paquette*, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Gorman*). In our review for an abuse of discretion, we must look to the particulars of good cause set out in the order. *See* TEX. R. CIV. P. 13; *Rudisell*, 89 S.W.3d at 237. This particularity requirement is "mandatory." *GTE Commc'ns Sys. Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991, orig. proceeding); *see Kahn v. Garcia*, 816 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

### III. ANALYSIS

Here, Cobb argues that the trial court failed to follow the particularity requirement according to Rule 13 and its interpretations. We agree. The order at issue is vague because it does not specify the mandatory "particulars" for good cause required to support the order. The particularity requirement fulfills several purposes because it: (1) ensures that the trial court is held accountable and adheres to the standard of the rule; (2) requires the trial court to reflect carefully on its order before imposing sanctions; (3) informs the offending party of the particular conduct warranting sanction for the purpose of deterring similar conduct in the future; and (4) enables reviewing courts to review the order in light of the particular findings of the trial court. *See Rudisell*, 89 S.W.3d at 237. (internal citations omitted). The written order on appeal in this case is

5

vague and does not specify the particular conduct which warranted the sanctions, as required by the rule. *See* Tex. R. Civ. P. 13. Without the trial court's particular findings in writing, Cobb was not properly informed of his conduct that warranted the sanctions, and we are hindered from conducting a complete review. As a result, the trial court rendered a defective order and thereby abused its discretion under Texas Rule of Civil Procedure 13. *See id*; *Thomas v. Thomas*, 917 S.W.2d 425, 432–33 (Tex. App.—Waco 1996, no pet.); *Rudisell*, 89 S.W.3d at 237. Cobb's sole issue is sustained.

## IV.    CONCLUSION

We reverse and render that the trial court's order imposing sanctions against Cobb, including the award for attorney fees, be set aside.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
14th day of June, 2012.