

NUMBER 13-15-00047-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICARDO FLORES, RICARDO
SANDOVAL, AND RONALD G.
HOLE,                                                                            Appellants,

v.

JESUCITA GARCIA, RAFAEL
GARCIA, AND YUVIA GARCIA,
INDIVIDUALLY AND AS NEXT
FRIEND OF MINOR RYLAN
MARTINEZ,                                                                        Appellees.

**On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellants Ricardo Flores, Ricardo Sandoval, and Ronald G. Hole bring this limited

appeal[1] of two monetary sanctions assessed by the trial court.  We reverse and render.

## I. BACKGROUND

Appellees Jesucita Garcia, Rafael Garcia, and Yuvia Garcia,[2] filed suit against Flores and Sandoval for injuries appellees suffered as a result of a collision with a tractor trailer driven by Sandoval.  Flores is Sandoval's employer and Hole is the attorney Flores and Sandoval retained to represent them in appellees' suit.[3]

Appellees filed their original petition on February 20, 2014, and a motion to compel the depositions of both defendants on April 28, 2014.  On May 8, 2014, the trial court held a hearing on appellees' motion to compel that was attended only by appellees' counsel.  The trial court issued an order the same day granting the motion and directing Sandoval and Flores to make themselves available for depositions on May 14, 2014, at the law offices of appellees' trial counsel, Daniel M.L. Hernandez.  The defendants filed a motion to reconsider, alleging that they had received no notice of the hearing on appellees' motion to compel.  The trial court took no immediate action on the motion to reconsider.

The deposition took place at the time, date, and location specified in the trial court's order.  Flores completed his deposition without incident.  Sandoval commenced his deposition with the help of a Spanish-speaking interpreter.  During the course of the deposition, Hernandez asked Sandoval several questions regarding Sandoval's proficiency with the English language and whether he actually needed an interpreter to

---

[1] A party who desires to take a limited appeal from a trial court judgment may request a partial reporter's record and must include in that request the issues the party intends to raise on appeal. TEX. R. APP. P. 34.6(c)(1).  The party will be limited to raising those issues.  *Id.*

[2] Yuvia sued in her individual capacity and as next friend of Rylan Martinez, a minor.

[3] Hole represents Flores and Sandoval on appeal and is also a *pro se* appellant.  For clarity, we will use "the defendants" when referring to Flores and Sandoval alone and "the appellants" when referring to all three together.

give his deposition. After making several objections to Hernandez's questions, Hole stated that he was suspending the deposition pending the trial court's ruling on a motion he intended to file to prevent Sandoval from asking further questions that Hole felt to be abusive. Hole filed a "Motion to Require Defendant Ricardo Sandoval's Deposition to Be Taken In Accordance with the Texas Rules of Civil Procedure" to that effect the same day. Appellees immediately filed a "Motion to Strike Defendants' Answer, Request for Sanctions And/or in the Alternative Enforce Court Order" alleging that the defendants never intended to comply with the trial court's order compelling them to give depositions. Appellees' motion requested that the trial court: (1) strike the defendants' answer; (2) compel the deposition to continue; or (3) assess monetary sanctions in the sum of $3,500. The trial court made no immediate ruling on either motion.

On May 16, 2014, appellees filed medical and billing records from all of the medical providers where Jesucita Garcia, Rafael Garcia, and Yuvia Garcia received treatment following the collision.[4] In an effort to comply with section 18.001 of the Texas Civil Practice and Remedies Code, appellees included with the records a Medical Billing Affidavit and a Medical Records Affidavit signed by each provider's custodian of records. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West, Westlaw through 2015 R.S.) (providing that an affidavit that the amount a person was charged for a service was reasonable at the time and place the service was provided and that the service was necessary is sufficient to support a finding by a judge or jury on either matter unless a controverting affidavit is filed pursuant to that section). The defendants objected to each affidavit, alleging that the medical billing affidavits did not meet the requirements of

---

[4] Appellees did not file any records or affidavits for Rylan Martinez.

3

section 18.001 because the custodians of records who signed the affidavits were not qualified to opine that the medical services were necessary and the fees reasonable. *See id.* § 18.001(c). The defendants further asserted that affidavits did not comply with section 41.0105 of the Texas Civil Practice and Remedies Code by not accurately indicating the total amount of fees each provider incurred on behalf of each appellee. *See id.* § 41.0105 (West, Westlaw through 2015 R.S.).

Hole filed an affidavit purporting to controvert appellees' affidavits. Hole alleged that he had personal knowledge that "health care providers, such as" each named provider where appellees received treatment

> routinely discount their fees in these types of cases and that such reductions can be as much as 75%. Also, I have personal knowledge that in these types of cases, if the patient does not recover, the health care provider usually does not collect, or even attempt to collect, their total fee from each patient.

Appellees responded to Hole's affidavit with a Motion to Strike Affidavits and Disqualify Counsel alleging that Hole violated the prohibition in the Texas Disciplinary Rules of Professional Conduct against an attorney acting as an attorney and a witness in the same case. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2 subtit. G app. A (West, Westlaw through 2015 R.S.).

By an order dated August 7, 2014, the trial court: (1) denied the motion to disqualify Hole as counsel; (2) granted the motion to strike Hole's controverting affidavit and made a finding that Hole's affidavit "does not meet the requirements for a controverting affidavit"; (3) denied the motion to strike the defendants' answer; (4) granted "a lesser and more tailored sanction in the amount of $3,500.00" payable to Hernandez, and further provided that the defendants and Hole were jointly and severally liable for it;

4

(5) denied the defendants' motion to reconsider the court's order compelling the defendants to give depositions; and (6) granted the defendants' motion to finish the deposition in compliance with the Texas Rules of Civil Procedure.

On September 2, 2014 appellees filed a "Motion for Sanctions for Filing of Frivolous and Groundless Counter Affidavits." The motion requested that the court sanction appellants pursuant to Texas Rule of Civil Procedure 13 and Chapters 9 and 10 of the Texas Civil Practice and Remedies Code for filing the allegedly frivolous and groundless controverting affidavits. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.012, 10.001 (West, Westlaw through 2015 R.S.). On October 16, 2014, the trial court granted the motion by written order. The order assessed $1,000 in sanctions in the form of "reasonable expenses and attorney's fees" and provided that it was payable by the defendants or by Hole.

Appellees and the defendants later reached a settlement of the claims between them, and the trial court entered an agreed take-nothing judgment. No agreement settling the claims appears in the record, but appellees stated in a motion to this Court that "[a]ppellants and their insurance company funded the settlement." Appellants timely filed a notice of appeal limited to the trial court's two orders imposing sanctions against them.

## II. MOOTNESS

Appellees responded to appellants' opening brief in this Court with a motion to dismiss asserting that the settlement between the parties to the underlying case rendered appellants' issues moot. Appellants argued in response that the sanctions orders were independent issues that were not mooted by the settlement.[5]

---

[5] By letter dated July 24, 2015, we denied appellees' motion to dismiss and requested them to fully brief the case, including the issue raised in the motion. Appellees' appellate counsel moved to withdraw

5

We agree with appellants. Appellees are correct that a live controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes moot." *Id.* (quotation marks omitted); *see Clements v. Haskovec*, 251 S.W.3d 79, 83 (Tex. App.—Corpus Christi 2008, no pet.). When a party requests the trial court to enter judgment the party waives appeal of any non-jurisdictional issues inconsistent with the specifics of the judgment it requested. *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 67 (Tex. 2015) (citing *Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex. 1984)). However, a judgment entered with the consent of the parties otherwise has the same force and effect of a judgment entered after contested litigation. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). Thus, the party's waiver of appellate issues inconsistent with the agreed judgment does not affect the appellate court's jurisdiction over the appeal itself. *See Roman Catholic Diocese of Dallas v. Cnty. of Dallas Tax Collector*, 228 S.W.3d 475, 479 (Tex. App.—Dallas 2007, no pet.) (holding that "[t]he fact that the nunc pro tunc judgment was agreed to by the parties does not affect the outcome in this case."). Appellees point us to no contrary authority. Accordingly, we conclude that the issues between the parties related to the sanctions orders are not moot. *See Lara*, 52 S.W.3d at 184; *see also Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 807 n.4 (Tex. 1993) (observing that a nonsuit

from the case in response. We granted counsel's motion, and appellees now proceed *pro se* in this Court. Appellees did not file a brief on the merits. We will nevertheless address the mootness issue appellees raised in the motion to dismiss because it goes to our jurisdiction over this appeal. *See Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, No. 13-14-00343-CV, ___ S.W.3d ____, ___, 2015 WL 3523157, at *3 (Tex. App.—Corpus Christi June 4, 2015, no pet.) (addressing a jurisdictional issue raised in a previously-denied motion to dismiss because courts may consider their jurisdiction at any time).

does not act as a "waiver, bar or adjudication" of monetary sanctions previously assessed by the trial court).

### III. Discussion

We now turn to appellants' challenges to the order of August 7, 2014 assessing $3,500 in sanctions (First Sanctions Order), and to the order of October 16, 2014 assessing $1,000 in sanctions (Second Sanctions Order).

### A. Standard of Review and Sanctions Law

We review the trial court's decision to impose sanctions for abuse of discretion whether the court acted pursuant to Texas Rule of Civil Procedure 215.3 to punish discovery abuse or pursuant to Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code to punish the filing of frivolous pleadings. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion in imposing sanctions if it acts without reference to guiding rules or principles such that its decision is essentially arbitrary. *Cire*, 134 S.W.3d at 838–39. However, there is no abuse of discretion if "some evidence" exists in the record to support the trial court's decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

The trial court abuses its discretion by assessing an unjust or inappropriate sanction. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). The Texas Supreme Court has created a two-part inquiry for determining whether a sanction is "just." First, there must be a direct relationship between the sanction imposed and the improper conduct. *Id.* "[I]n other words, the court should examine whether punishment was imposed upon the true offender and tailored to remedy any prejudice discovery

7

abuse caused." *Id.* The trial court should attempt to determine if the sanctioned conduct is attributable to counsel only, the party only, or both. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003). Second, a just sanction may not be excessive, which means that the sanction "should be no more severe than necessary to satisfy its legitimate purposes." *Id.* We apply this two-part test whether the trial court assessed pleading or discovery sanctions. *Nath*, 446 S.W.3d at 364.

## B. First Sanctions Order

Appellees asserted in their "Motion to Strike Defendants' Answer, Request for Sanctions And/or in the Alternative Enforce Court Order" that appellants never intended to comply with the trial court's order compelling the defendants to give depositions. Appellants assert on appeal there is no evidence in the record supporting the trial court's conclusion and, alternatively, that any such evidence is limited to Hole.

We agree with appellants. We begin by discussing the events of Sandoval's deposition in greater detail. The parties began Sandoval's deposition with the assistance of a Spanish-speaking interpreter that Sandoval requested on the day of the deposition. Hernandez questioned Sandoval through the interpreter regarding whether Sandoval was obeying traffic laws in the time just prior to the collision. Hernandez also asked Sandoval whether he blamed the driver of appellees' vehicle for the collision in any respect. Sandoval's answers as they appear in the transcript of the deposition use the male pronoun in reference to the driver, and Hernandez asked Sandoval to confirm that his testimony was that the driver was male. Sandoval clarified that the driver was female. We reproduce a portion of the exchange that followed:

Q. (Mr. Hernandez): Do you know that you've been saying he?

Mr. Hole:  The translation was she.

A.  I'm sorry.

Q.  (Mr. Hernandez) That's fine.  That's why I'm asking you.

A.  Okay.  No, I just—I was just answering you.  But yes, it was a woman.

Q.  Okay.  And that's why I'm asking you.  I'm not trying to trick you.  All right?

Mr. Hole:  Objection; form.

Q.  (Mr. Hernandez) Do you understand that?

A.  Yes.

Q.  Do you speak English?

A.  Yes.

Q.  You don't need an interpreter, do you?

A.  Yes.  Yes, but I can do better in Spanish.  There are things I don't know in English.  That's why I'd like it to be in Spanish.

Q.  Where did you go to school?

A.  In La Joya.

Q.  Up to what grade?

A.  I got my GED.

Q.  You got your GED?

A.  Yes.

Q.  And you did that all in English?

A.  Yes.

Q.  And you took your driver's examination in English, too, didn't you?

A.  Yes.

Q. So what is it—you have a high school degree?

Mr. Hole: Objection; form.

Q. (Mr. Hernandez) Correct?

A. Yes.

Q. Okay. And you write in English, right?

A. I don't have—I don't know how to spell properly.

Q. Anything else that you feel that you need an interpreter for other than because you don't know how to spell properly?

A. Well, because I don't use English a lot. There's a lot of things that I don't know how to say in English.

Q. So you don't speak English, then?

Mr. Hole: Objection; form.

A. Well, no.

Q. (Mr. Hernandez) Okay. The only language you speak is Spanish?

Mr. Hole: Objection; form. Don't answer that. That's been—

Mr. Hernandez: Don't coach him. Don't coach him.

Mr. Hole: No, no. You say you're not trying to trick him and you darned right are. You know good and well—

Mr. Hernandez: Don't coach him.

Mr. Hole: I'm not coaching him.

Mr. Hernandez: It's a speaking objection, Ron.

The remainder of the deposition is taken up by a contentious argument between Hole and Hernandez regarding whether Hole was making an impermissible speaking objection. Hole eventually stated that "[w]e'll recess the deposition and we'll take it up with the court. We're not going to take this deposition—." Appellees' counsel refused to

10

recess the deposition and offered to call the trial court judge "right now" to secure a ruling. Hole refused, stating that he had a right to file a motion and suspend the deposition pending the trial court's ruling on the motion. Hole stated on the record that he was recessing the deposition because Hernandez

> knows full well [Sandoval] requested an interpreter. He's mocking him, making fun of him, because he doesn't do it. He told you that he speaks English, but he prefers an interpreter, and then he comes back very blatantly, 'you don't speak any English? Any English at all?' And he knows that was false and it was misleading. We asked him to rephrase it, he didn't, and we're recessing the deposition . . . until we can get a ruling from the court.

Hole filed a motion with the trial court to instruct appellees' counsel to not ask "harassing and misleading questions" of Sandoval regarding his ability to speak English. Hernandez, in turn, filed a motion for sanctions requesting the court to either strike the defendants' answer or compel the deposition to resume and assess sanctions in the amount of $3,500.

We conclude that the record is devoid of any evidence supporting a conclusion that appellants did not comply in good faith with the trial court's order compelling the defendants to give their depositions. It is undisputed that the defendants and Hole appeared at the date, time, and location specified in the trial court's order compelling depositions. The transcript of Flores's deposition is not in the record, but neither party asserts that any of the appellants obstructed the deposition. Hole eventually stated that he was suspending Sandoval's deposition pending the trial court's ruling on the motion he intended to file asking the court to instruct Hernandez to conduct Sandoval's deposition according to the Texas Rules of Civil Procedure.

Subsection (f) of Texas Rule of Civil Procedure 199.5 specifically permits an

11

attorney to instruct a witness not to answer a question if it is necessary to protect that witness from an abusive question. TEX. R. CIV. P. 199.5(f). Subsection (g) gives a party or witness the right to suspend an oral deposition "for the time necessary to obtain a ruling." *Id.* R. 199.5(g). An attorney who instructs a witness not to answer or who suspends the deposition need only have a good-faith factual and legal basis for doing so. *Id.* Hole asserted on the record at the deposition and in a hearing before the court that he suspended the deposition so that the court could rule on his motion. Hole articulated a legitimate ground for suspending the deposition and followed the procedure specified in Texas Rule of Civil Procedure 199.5 to do so and obtain a ruling on his motion. *See id.* Admittedly, the trial court later expressed skepticism of Hole's assertion that Hernandez's demeanor and tone were mocking because such factors do not appear in the deposition transcript. However, the court also granted Hole's motion to complete the deposition according to the Texas Rules of Civil Procedure. The trial court's decision—made in the same order in which it assessed the challenged $3,500 in sanctions—implies that the court found at least some merit in Hole's motion. Giving due deference to the trial court's exercise of its discretion, we nevertheless find no evidence in the record supporting an implied finding that Hole and the defendants did not attempt to comply with the trial court's order compelling depositions.

Alternatively, even if we had found a basis for the trial court's sanctions award in the record, we would still conclude that the sanction is unjust to the extent it requires Sandoval and Flores to pay it. A just sanction "should be visited upon the offender. The trial court must attempt to determine whether the offensive conduct is attributable to counsel only, to the party only, or to both." *Spohn Hosp.*, 104 S.W.3d at 883 (citation

12

omitted). While a lawyer cannot shield his or her client from sanctions, a party should not be punished for their counsel's conduct unless the party is implicated in the wrongdoing "apart from having entrusted its legal representation to counsel." *Galindo v. Prosperity Partners, Inc.*, 429 S.W.3d 690, 698 (Tex. App.—Eastland 2014, pet. denied) (citing *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)). Here, there is no evidence in the record that Flores knew about or participated in any sanctionable conduct. Sandoval obeyed Hole when Hole instructed him not to answer Hernandez's questions and left with Hole after Hole suspended the deposition. Even if instructing Sandoval not to answer and suspending the deposition was sanctionable conduct by Hole, there is no evidence in the record that Sandoval or Flores knew or should have known that Hole was doing anything improper other than the fact that they entrusted Hole to represent them. *See id.*; *see also Sosa v. Union Pac. R.R. Co.*, No. 13-13-00257-CV, 2015 WL 2353024, at *8 (Tex. App.—Corpus Christi May 14, 2015, pet. filed) (mem. op.) (overturning award of death penalty sanctions despite "flagrant" discovery abuse by counsel because there was no evidence that the appellants knew of the abuse other than the length of time that the attorney represented them).

In sum, we conclude that the trial court abused its discretion in assessing $3,500 in sanctions against Hole, Flores, and Sandoval, jointly and severally. Additionally, the sanction is unjust to the extent Flores and Sandoval are liable for it. *See Galindo*, 429 S.W.3d at 698. We sustain appellants' first issue.

## C. Second Sanctions Order

Appellees alleged in their motion that Hole's controverting affidavits constituted a frivolous or groundless claim under Texas Rule of Civil Procedure 13 and section 10.001

13

of the Texas Civil Practice and Remedies Code.[6] *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (West, Westlaw through 2015 R.S.).  Appellants allege on appeal that:  (1) there is no evidence that rebutted the presumption that appellants filed the affidavits in good faith; (2) the trial court erred by not specifying its basis for imposing sanctions; (3) there is no evidence to support the amount of sanctions imposed; and (4) there is no evidence that Sandoval and Flores were involved in filing the affidavits.  We agree with appellants that we must reverse the Second Sanctions Order because the trial court did not specify the good cause and basis it found for imposing sanctions.

### 1.  Applicable Law

Texas Rule of Civil Procedure 13 provides that by signing a motion, pleading or "other paper" a party or attorney certifies that they have read the instrument and that, after reasonable inquiry, the instrument is not groundless to the best of their knowledge and belief.  TEX. R. CIV. P. 13.  However, to warrant sanctions under Rule 13, a pleading must be both groundless and brought in bad faith or groundless and brought for the purpose of harassment.  *Id.*; *see Nath*, 446 S.W.3d at 362–63.  "'Groundless' for purposes of [Rule 13] means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law."  TEX. R. CIV. P. 13.  Trial courts must have "good cause" for imposing sanctions and the court must state the particulars of the good cause in the order.  *Id.*; *see Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 183 (Tex. App.—Texarkana 2011, no pet.).  Courts generally presume that pleadings and

---

[6] Appellees also sought sanctions pursuant to Chapter 9 of the Texas Civil Practice and Remedies Code, which also addresses frivolous claims.  However, Chapter 9 only applies in proceedings where Chapter 10 and Texas Rule of Appellate Procedure 13 are inapplicable.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(h) (West, Westlaw through 2015 R.S.); *see also Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 n.6 (Tex. 2014).

other papers are filed in good faith. *Nath*, 446 S.W.3d at 361. The party seeking sanctions has the burden of overcoming that presumption. *Id.*

Similarly, to award sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code the trial court must find that: (1) the pleading or motion was brought for an improper purpose; (2) there were no grounds for the legal arguments advanced; or (3) the factual allegations or denials lacked any evidentiary support. TEX. CIV. PRAC. & REM. CODE ANN. § 10.001; *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An order imposing sanctions under Chapter 10 must describe "the conduct the court has determined violated section 10.001 and explain the basis for the sanction imposed." TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West, Westlaw through 2015 R.S.).

### 2. Texas Rule of Civil Procedure 13

When reviewing an order imposing sanctions under Texas Rule of Civil Procedure 13 appellate courts ordinarily look to the particulars of the "good cause" set out in the order. *Rudisell v. Paquette*, 89 S.W.3d 233, 237 (Tex. App.—Corpus Christi 2002, no pet.). Failure to set out the particulars of the good cause in the sanction order is error that may warrant reversal. *See id.*; *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.) (reaching the same conclusion and listing numerous opinions from other Texas courts with the same holding). The Second Sanctions Order states in full:

> On the 16th day of October, 2014, came the Plaintiffs' motion for Sanctions for Filing of Frivolous and Groundless Counter Affidavits. The Court, having considered the Counter Affidavits on file herein, evidence, attorney fees, and arguments of counsel, is of the opinion that the motion should be GRANTED. IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for Sanctions for Filing of Frivolous and Groundless Counter Affidavits be **GRANTED** and Defendants or its attorneys pay Plaintiff $1,000 for the reasonable expenses and attorney's fees incurred in

15

presenting this Motion for Sanctions for Filing of Frivolous and Groundless Counter Affidavits.

The Second Sanctions Order does not state with particularity the good cause for imposing sanctions. We hold that the trial court erred by not complying with the requirements of Texas Rule of Civil Procedure 13. *See Rudisell*, 89 S.W.3d at 237 (holding that it was an abuse of discretion for the trial court to impose sanctions with only a finding that the motion "appears to have 'merit'"); *Tex.-Ohio Gas, Inc.* 28 S.W.3d at 135.

We now analyze for harm. *See Rudisell*, 89 S.W.3d at 237–38 (performing a harmless error analysis on noncompliance with particularity requirement in Rule 13); *see also* TEX. R. APP. P. 44.1(a). Failing to comply with the particularity requirement of Rule 13 may be harmless error if the trial court's findings of fact and conclusions of law supply the necessary particulars of good cause required by Rule 13. *See Keith v. Keith*, 221 S.W.3d 156, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.). However, the trial court in this case denied appellants' multiple requests for findings of fact and conclusions of law and did not explain its reasoning for assessing sanctions anywhere else. We conclude that noncompliance with Rule 13 is reversible error in this case because it renders appellants "unable to overcome the presumption that the trial court found necessary facts in support of its judgment." *See Rudisell*, 89 S.W.3d at 238 (citation omitted). The sanctions order may not be sustained under Rule 13. *See id.*

### 3. Chapter 10 of the Texas Civil Practice and Remedies Code

We further conclude that we may not affirm the sanctions order under Chapter 10 of the Texas Civil Practice and Remedies Code.[7] *See* TEX. CIV. PRAC. & REM. CODE ANN.

---

[7] When a party seeks sanctions under both Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code we will affirm an order imposing sanctions if it is supportable on either basis. *See Zeifman v. Nowlin*, 322 S.W.3d 804, 809 (Tex. App.—Austin 2010, no pet.).

16

§ 10.001. Section 10.005 mandates that the trial court "shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated section 10.001 and explain the basis for the sanctions imposed." TEX. CIV. PRAC. & REM. CODE ANN. § 10.005. This Court has held that the Legislature's use of "shall" in the text makes section 10.005 mandatory. *Rudisell*, 89 S.W.3d at 238; *see Sell v. Peters Fine Art, Ltd.*, 390 S.W.3d 622, 624 (Tex. App.—Dallas 2012, no pet.) (reaching the same holding). The Second Sanctions Order does not meet the particularity requirement of section 10.005 because it does not cite the conduct that the trial court determined violated section 10.001 and explain the basis for imposing the sanction. *See Sell,* 390 S.W.3d at 624; *Rudisell*, 89 S.W.3d at 238. We conclude that the court's failure to comply with section 10.005 precludes meaningful appellate review and was therefore an abuse of discretion. *See Rudisell*, 89 S.W.3d at 238; *see also Cintas Corp. v. Minton*, No. 13-06-00043-CV, 2008 WL 525191, at *4 (Tex. App.—Corpus Christi Feb. 28, 2008, no pet.) (mem. op.). We may not uphold the Second Sanctions Order pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001.

In sum, we hold that the trial court abused its discretion by not complying with the particularity requirements of Texas Rule of Civil Procedure 13 and section 10.005 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. We sustain appellants' second issue.

## IV. Conclusion

We reverse the trial court's orders of August 7, 2014 and October 16, 2014 to the extent each assesses sanctions and render judgment that the sanctions be dismissed.

NORA LONGORIA,
Justice

Delivered and filed the
8th day of October, 2015.