REVERSE AND REMAND; Opinion issued November 27, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00469-CV

STEVE SELL, Appellant

V.

PETERS FINE ART, LTD. A/K/A/ GERALD PETERS GALLERY, Appellee

On Appeal from the 95th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-00721-D

# OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Richter

Steve Sell appeals a final judgment awarding sanctions in favor of Peters Fine Art, Ltd. In four issues, Sell complains the trial judge erred in granting sanctions for Sell's assertion of a DTPA claim. We reverse the trial court judgment and remand this case to the trial court for further proceedings.

*Background*

Steve Sell ("Sell") bought a painting by N.C. Wyeth titled *The Sheriff* from Gerald

Peters Gallery, Inc. ("Peters") for $1.5 million. Peters stated that the painting had appeared on the cover of the August 1, 1908 edition of the *Saturday Evening Post*. A year after the purchase, Sell found out the painting had in fact not been on the cover of the *Saturday Evening Post*. Sell sent an email to Peters to inquire about their earlier statement and Peters responded they relied on the only published catalog of N.C. Wyeth's works available at the time of the sale.

Sell filed suit against Peters for violation of the Texas Deceptive Trade Practices Act, breach of contract, fraud, and negligent misrepresentation. After adequate time for discovery, Peters filed a summary judgment and set it for hearing. Prior to the summary judgment hearing, Sell nonsuited his claims.

The court issued its order of nonsuit on December 13th and four days later, Peters filed its motion for sanctions. The motion for sanctions claimed Sell failed to make reasonable inquiry before filing the State lawsuit, the lawsuit was either groundless and brought in bad faith or groundless and brought for the purpose of harassing Peters, and the legal contentions in Sell's petition were not warranted by existing law. Due to a mix-up in Sell's counsel's office, the notice of the hearing on the motion for sanctions never made it onto counsel's calendar. Consequently, Sell's counsel was not at the hearing on the motion for sanctions. When Sell's counsel was absent at the hearing, the trial judge called counsel's office, while on the record, inquiring about counsel's lack of presence. After the phone call, the trial court commenced the hearing with only Peters' counsel present. Following the

hearing, the trial court issued a three-page "final judgment" which awarded sanctions to Peters in the amount of $83,656.35.

When Sell's counsel received the final judgment and discovered his failure to appear, he filed plaintiff's verified motion for reconsideration of order imposing sanctions and requested a rehearing. Peters followed with defendant's response and then Sell filed plaintiff's motion to vacate final judgment or, in the alternative, motion to modify final judgment. The trial court held a hearing on the motion to vacate and on March 16, 2011, vacated the final judgment and issued an amended final judgment reducing the amount of sanctions awarded.

Sell contends the trial court's order was not specific enough to support sanctions under chapter 10 of the Texas Civil Practice and Remedies Code. Peters responds that the district court's order adequately described the sanctionable conduct.

*Analysis*

We review a trial court's imposition of sanctions under an abuse of discretion standard. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). An assessment of sanctions will only be reversed if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.*

Chapter 10 of the civil practice and remedies code provides for sanctions when parties advance frivolous pleadings and motions. Section 10.005 provides "A court shall

describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2002). The use of the word "shall" in the statute indicates that the requirement for particularity in the sanction order is mandatory. *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Ft. Worth 1999, pet. denied).

The court entered an amended final judgment on March 16th, 2011. The court's March 16th order does not state the underlying facts on which the court relied in imposing sanctions, nor does it explain the reasons warranting the monetary sanctions imposed. Instead, the order only generally recites:

* * *

It is ORDERED, ADJUDGED and DECREED that plaintiff's claims in this proceeding are dismissed without prejudice, pursuant to the Court's Order of nonsuit.

It is further ORDERED, ADJUDGED and DECREED that Defendant Peters Fine Art Ltd., a/k/a/ Gerald Peters Gallery shall have and recover of and from Plaintiff Steve Sell the sum of $7,500 as reasonable and necessary attorney's fees for the plaintiff's violation of TEX. CIV. PRAC. & REM. CODE § 10.001 (1), (3) relating to the plaintiff's claims brought against the defendant pursuant to the Deceptive Trade Practices Act.

It is further ORDERED, ADJUDGED and DECREED that Defendant Peters Fine Art Ltd., a/k/a Gerald Peters Gallery shall have and recover of and from Plaintiff Steve Sell the sum of $1,500 as reasonable litigation expenses for the plaintiff's violation of TEX. CIV. PRAC. & REM. CODE § 10.001 (1), (3) relating to the plaintiff's claims brought against the defendant pursuant to the Deceptive Trade Practices Act.

It is further ORDERED, ADJUDGED and DECREED that all costs of Court are taxed against the plaintiff.

\* \* \*

This order does not meet the specificity requirement of section 10.005. The final judgment of December 29 was three pages long, had details describing the conduct on which sanctions where granted, and awarded sanctions in the amount of $83,656.35. However, after the trial court's second hearing on the motion for sanctions, the court's amended final judgment stated, "The Court's Final Judgment of December 29, 2010, is vacated and this Amended Final Judgment is issued in its stead." The amended final judgment decreased the amount of sanctions awarded by $74,656.35. The language of the March 16 amended final order, nor a review of the hearing transcripts explains the difference in the amounts awarded in the two judgments.[1] We conclude that it was error for the trial court to enter the December 29 sanctions order without specifically detailing the sanctionable conduct and explaining the basis for the sanction imposed.

*Conclusion*

Concluding the trial judge abused his discretion in failing to set forth facts or analysis in the judgment to support an award of sanctions, we reverse the trial court's judgment and this case is remanded for further proceedings consistent with this opinion.

---

[1] We note our grave reservation to condone the award of sanctions against an attorney for filing a suit with multiple claims and asking for more in damages than the statutory limit of a single claim. The appropriate vehicle to challenge the causes of action plead would have been for the Defendant to file a special exception. TEX. R. CIV. P. 91. In our review of the record, we do not find where special exceptions were filed in this case.

MARTIN RICHTER
JUSTICE

110469F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVE SELL, Appellant

No. 05-11-00469-CV     V.

PETERS FINE ART, LTD. A/K/A
GERALD PETERS GALLERY, Appellee

Appeal from the 95th Judicial District Court
of Dallas County, Texas.
(Tr.Ct.No. DC-10-00721-D).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings. It is **ORDERED** that appellant STEVE SELL recover his costs of this appeal from appellee PETERS FINE ART, LTD. A/K/A GERALD PETERS GALLERY. The clerk of the District court is directed to release the full amount of the balance of the cash deposit in lieu of cost bond to STEVE SELL.

Judgment entered November 27, 2012.


MARTIN RICHTER
JUSTICE