**First Amended Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 11, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00319-CV**

---

**IN RE ERIK GIL AND ABRAHAM O. HERNANDEZ, ATTORNEY OF LAW, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-27326**

## MEMORANDUM OPINION

Pending in this court is relators', Erik Gil and Abraham O. Hernandez, Attorney of Law, first amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relators ask this court to compel the Honorable Jeralyn Manor, presiding judge of the 80th District Court of

Harris County, to set aside her April 1, 2021 sanctions order and June 11, 2021 contempt order. We conditionally grant the first amended petition.

## BACKGROUND

On March 8, 2019, Gil acquired an insurance policy from real parties in interests, Chisum General Agency, Inc. d/b/a Southern General Agency and Southern General Agency, Inc. (collectively, "Southern General"), and on March 9, 2019, was in an accident. On May 1, 2020, Gil filed suit against Southern General, who filed a joint original answer with a general denial on May 26, 2020. The trial court entered a docket control order on June 9, 2020, with a deadline of February 26, 2021, for the filing of pleadings. Gil was deposed on November 19, 2020. On November 20, 2020, Southern General filed a first amended original answer, adding the affirmative defense of fraud. Five days later, Gil filed a motion to strike Southern General's affirmative defense of fraud because it was untimely, a surprise, prejudicial, and not pleaded with specificity.

On December 4, 2020, Southern General responded to Gil's motion to strike and also requested compensation for costs and the imposition of deterrent sanctions pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–.006; Tex. R. Civ. P. 13. Southern General stated that it had advised Gil's counsel, Hernandez, in an email, on November 30, 2020, that the motion to strike was groundless and was well within the February 26, 2021 deadline for pleadings. Southern General explained that, in his November 19, 2020 deposition, Gil testified that he had made multiple material affirmative misrepresentations and nondisclosures in his coverage application. Given Gil's purported admissions,

2

Southern General amended its answer to include the affirmative defense of fraud. On December 18, 2020, Southern General filed a first amended response to Gil's motion to strike and amended request for compensation and imposition of deterrent sanctions.

On April 1, 2021, the trial court held a hearing on, among other motions, Gil's motion to strike Southern General's affirmative defenses in the first amended original answer and request for compensation and the imposition of deterrent sanctions. Southern General's arguments mostly focused on the timeliness of the pleading of its affirmative defenses. The trial court stated that it was denying Gil's motion to strike Southern General's affirmative defenses and was going to take the motion for sanctions under advisement. That same day, the trial court signed the following sanctions order (the "Sanctions Order"), that provided, in relevant part:

> After considering the motion, the response, the briefs and arguments of counsel, and all other things properly before the Court, the Court finds that the Plaintiff's motion should be denied. IT IS THEREFORE ordered, adjudged, and decreed that Plaintiff's Motion to Strike the Defendant's Affirmative Defenses Asserted in First Amended Original Answer is **DENIED**.

> The Court further finds, after considering the motion, the response, the briefs and arguments of counsel, and all other things properly before the Court, that Defendants' request for reimbursement of costs and expenses should be granted. IT IS THEREFORE ordered, adjudged, and decreed that Defendants shall have and recover from Plaintiff and Plaintiff's attorney, jointly and severally, the sum of $750.00 (seven hundred fifty dollars) as reasonable and necessary attorney's fees and court cost[s]. Plaintiff and Plaintiff's attorney, must pay this sum no later than thirty (30) calendar days from the date of this order.

> [The Court ordered]:

- that Plaintiff and Plaintiff's attorney, jointly and severally, shall pay to Defendants taxable court costs and attorney fees in the amount of $750.00.

- that Defendant's affirmative defense of fraud is taken as established for the purposes of this action.

- that Defendant's counterclaim for fraudulent inducement is taken to be established as to liability for the purposes of this action.

- that Plaintiff's pleadings requesting attorney's fees are hereby stricken.

On April 28, 2021, Hernandez filed Gil's motion to reconsider the denial of his motion to strike, a motion for rehearing, motion to reconsider and/or vacate and/or modify the Sanctions Order, and a request for findings of fact and conclusions of law. Gil challenged the merits of the Sanctions Order on the following grounds: (1) Southern General failed to establish that his motion to strike was groundless or brought in bad faith or for the purpose of harassment; (2) the evidence is legally insufficient to support the sanctions imposed; and (3) the sanctions are excessive.

Gil also asserted that the Sanctions Order is fatally defective because (1) it does not state whether the sanctions were imposed pursuant Chapter 10 or Rule 13; (2) it fails to specify the particular acts or omissions on which the sanctions are based as required by Chapter 10 and Rule 13; (3) there is no evidence establishing that the motion to strike was brought in in bad faith or for the purpose of harassment as required by Rule 13; (4) there is no evidence that the motion to strike was brought for an improper purpose as required by Chapter 10; (5) there is no evidence that Gil, individually, violated Rule 13 in order to support monetary sanction against him; (6) there is no evidence to support the amount of the monetary sanction; (7) the

4

amount and type of the monetary sanction bear no relationship to the alleged conduct; (8) there is no evidence supporting the imposition of a Rule 215.2(b) discovery-abuse sanction; and (9) the death penalty sanctions are inapplicable, excessive, unjust, and would deny Gil his due process rights under Texas law. The motion for reconsideration was set for submission for May 10, 2021, and was denied on May 11, 2021.

On May 3, 2021, General Southern's counsel emailed Hernandez that the $750 sanction award was past due and requested payment by the end of the day, otherwise, Southern General would file a motion for contempt. The next day, Southern General filed a motion for contempt and motion to show cause for violation of the trial court's April 1, 2021 sanctions order.

On June 8, 2021, Gil filed a response to Southern General's motion for contempt and requested sanctions against Southern General and its attorney. Relators argued that the Sanctions Order is void and/or unenforceable because it (1) fails to specify whether the sanctions were imposed under Chapter 10 or Rule 13; (2) fails to specify the particular acts or omissions on which the sanctions were based; (3) fails for provide findings of facts; (4) fails to provide the conduct directly implicating Gil to any sanctionable conduct; and (5) grants relief which was not requested by Southern General or for which Southern General provided any evidence. Relators further requested that Southern General and its counsel should be sanctioned because (1) the Sanctions Order granted more relief than was requested; and (2) Southern General was made aware of this by April 30, 2021 correspondence.

5

The following day, Southern General responded to Gil's request for sanctions, claiming that Gil's motion for sanctions contained defamatory statements and requesting that such statements be struck from the record and that Gil be ordered to file a new motion without those statements. Southern General further argued that it had given notice to Gil that it was requesting deterrent sanctions and that the Sanctions Order met the specificity requirements by expressly incorporating the motion made the basis for the imposition of deterrent sanctions, Gil's response, Southern General reply, and the arguments of counsel.

On June 11, 2021, the trial court held a hearing and signed an order of contempt (the "Contempt Order"). Among other findings, the trial court found that Hernandez had actual awareness of the contents of the Sanctions Order, intentionally failed to comply with the Sanctions Order by failing to pay the $750 no later than 30 days after the date of the order, and that such failure was willful and not excused. The Contempt Order directed that Hernandez be held in contempt and that he (1) pay $500 as punishment by July 8, 2021; (2) hand deliver or cause to be hand-delivered $750 to Southern General's attorney; and (3) pay $1,500 as Southern General's reasonable attorney's fees and court costs in presenting the contempt matter to the court.

In their first amended petition for writ of mandamus, relators challenge the Contempt Order and the underlying Sanctions Order.

**ANALYSIS**

Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus but may be reviewed by writ of mandamus. *In re Long*, 984 S.W.2d

6

623, 625 (Tex. 1999) (orig. proceeding) (per curiam); *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) (orig. proceeding) (per curiam). To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Contempt orders are not appealable; therefore, no adequate remedy by appeal exists. *In re Braden*, 483 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). Because relators do not have an adequate remedy by appeal, the only question is whether they have shown that the Contempt Order is void.

Constructive contempt is the violation of a written order outside the trial court's presence. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Contempt is not to be presumed, but rather is presumed not to exist. *Deramus v. Thornton*, 333 S.W.2d 824, 830 (Tex. 1960) (orig. proceeding). While we cannot weigh the evidence supporting the trial court's contempt finding in this mandamus proceeding, we can determine whether the contempt order is void because there is no evidence of contempt. *See Long*, 984 S.W.2d 984 at 626–27.

To determine whether the Contempt Order is void, we must address whether the Sanctions Order, with which Hernandez's failure to comply forms the basis of

7

the Contempt Order, is enforceable. Relators contend that the Sanctions Order is not enforceable because it does not specify with particularity the acts or omissions on which the sanctions were based.

"A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a); *see also Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014) (explaining that Chapter 10 authorizes sanctions for "pleadings filed with an improper purpose or that lack legal or factual support."). "A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." Tex. Civ. Prac. & Rem. Code Ann. § 10.005. The use of the word "shall" in the statute indicates that the requirement for particularity in the sanction order is mandatory. *Sell v. Peters Fine Art, Ltd.*, 390 S.W.3d 622, 624 (Tex. App.—Dallas 2012, no pet.); *Rudisell v. Paquette*, 89 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2002, no pet.). A sanctions order that does not meet the requirements of section 10.005 is invalid and unenforceable. *See Champion Printing & Copying LLC v. Nichols*, No. 03-15-00704-CV, 2017 WL 3585213, at *11 (Tex. App.—Austin Aug. 18, 2017, pet. denied) (mem. op.) (holding order that met requirements of Section 10.005 was not invalid or unenforceable for lack of specificity).

Under Rule 13, a trial court may impose sanctions against a party, a party's attorney, or both if a pleading is filed that is both groundless and either brought in bath faith or for the purpose of harassment. Tex. R. Civ. P. 13. "No sanctions under this rule may be imposed except for good cause, the particulars of which must be

stated in the sanction order." *Id.*; *see also Keever v. Finlan*, 988 S.W.2d 300, 312 (Tex. App.—Dallas 1999, pet. dism'd) ("[R]ule 13 imposes a duty on the trial court to point out with particularity the acts or omissions on which the sanction is based."). The language of Rule 13 is clear, and unambiguous and its requirements are mandatory. *GTE Commc'ns Sys. Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991, orig. proceeding). Without enumerating the particulars of the good cause in the sanctions order, effective review of the sanctions is unavailable and is an abuse of discretion and unenforceable. *Guerra v. L&F Distribs., LLC*, 521 S.W.3d 878, 889 (Tex. App.—San Antonio 2017, no pet.).

The Sanctions Order does not describe "the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed" or state "the particulars" of good cause under Rule 13. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.005; Tex. R. Civ. P. 13. Southern General argues that the Sanctions Order meets the specificity and particularity requirements because it expressly incorporates the motion made the basis for the imposition of deterrent sanctions, Gil's response, Southern General's reply, and counsel's arguments. However, Section 10.005's and Rule 13's respective requirements that the conduct be described and that good cause be stated with particularity in the order are mandatory. *Sell*, 390 S.W.3d at 624 (Chapter 10) *Rudisell*, 89 S.W.3d at 238 (Chapter 10); *Curry*, 819 S.W.2d at 654 (Rule 13).

The Sanctions Order does not state the underlying facts on which the court relied in imposing sanctions or the reasons warranting the sanctions. Therefore, the Sanctions Order does not satisfy either section 10.005's specificity requirement or Rule 13's particularity requirement. *See Sell*, 390 S.W.3d at 624 (concluding that

9

trial court abused its discretion by imposing sanctions without meeting the specificity requirement under Chapter 10); *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet. denied) (holding general recitations of award of sanctions did not meet section 10.005's specificity requirement); *Tarrant Cnty. v. Chancey*, 942 S.W.2d 151, 155 (Tex. App.—Fort Worth 1997, no writ) (holding that order, which stated that motion was filed "for the purposes of harassment, causing unnecessary delay, needles [sic] increase in the cost of litigating of Plaintiffs [sic] case, and for the purpose of denying Plaintiff access to relevant documents," was not sufficient to satisfy particularity requirement of Rule 13); *Watkins v. Pearson*, 795 S.W.2d 257, 260 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding sanctions order indicating that sanctions were "for good cause being shown" and most was filed solely for purpose delay and without sufficient cause did not satisfy particularity requirement of Rule 13). We conclude that the Sanction Order is not enforceable.

Because the Sanctions Order is not enforceable, relators could not have violated it. Without evidence that relators violated the Sanctions Order, the Contempt Order finding relators in contempt is void. *See In re Choice! Energy, L.P.*, 325 S.W.3d 805, 809 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (stating that contempt order is void when it purports to punish contemnor for conduct that is beyond scope of trial court's prior decree and holding that, because brokers were not subject to prior agreed judgment, there was no evidence that relators violated agreed judgment and, therefore, contempt order was void).[1]

---

[1] Given our disposition of the first amended petition on this issue, we need not address relators' other arguments.

10

## CONCLUSION

Having held that the Sanctions Order is unenforceable and the Contempt Order is void, we conditionally grant relators' first amended petition for writ of mandamus. Accordingly, we direct the trial court to issue a written order vacating its Sanction Order and its Contempt Order. We are confident the trial court will act in accordance with this opinion and the writ will issue only if the court fails to do so. We also deny relators' and Southern General's respective requests for appellate sanctions. *See* Tex. R. App. P. 52.11. Our June 25, 2021 stay is lifted.

PER CURIAM

Panel consists of Justices Zimmerer, Hassan, and Wilson.