**REVERSE and RENDER; AFFIRM and Opinion Filed October 12, 2022**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00301-CV**

**SURESH EDWARDS, Appellant**
**V.**
**AHEAD OF THE CURVE COLLISION & PAINTING, LLC, Appellee**

**On Appeal from the Co Civil Ct at Law No 3**
**Harris County, Texas**
**Trial Court Cause No. 1152003**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Suresh Edwards appeals the trial court's orders granting default summary judgment in favor of Ahead of the Curve Collision and Painting, LLC (ACCP) and imposing sanctions against Edwards under chapter 10 of the civil practice and remedies code. In two issues, Edwards argues the trial court erred in failing to set aside the default no evidence summary judgment and in granting sanctions under chapter 10. We affirm the trial court's default summary judgment, reverse the trial court's award of sanctions, and render judgment that ACCP take nothing on its claim for sanctions.

## BACKGROUND

In February 2020, Edwards filed an original petition relative to his purchase of a 2012 Ford Focus from ACCP in July 2017. Edwards alleged the car was a salvage vehicle that had been repaired with the wrong parts, and he only discovered this fact when he took the car to a Ford dealer. Edwards returned the car to ACCP for repairs, but ACCP never fixed the car. Edwards asserted violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), common law fraud, negligent misrepresentation, and breach of contract. Edwards also sought rescission of the sales contract, damages, and attorney's fees.

In March 2020, ACCP filed its original answer alleging Edwards' claims were barred by the statute of limitations, the doctrine of unclean hands, fraud, laches, and equitable estoppel. ACCP also filed a counter-petition against Edwards seeking a declaratory judgment that the vehicle at issue was sold "as is," was "clearly advertised as having a rebuilt title" and that all subsequent documents reflecting the exchange of ownership clearly shows that the vehicle had a rebuilt and/or salvaged title. ACCP sought recovery of its costs and expenses related to defending Edwards' lawsuit and in bringing its counter-petition.

On July 15, 2020, ACCP filed two separate motions for summary judgment: a no-evidence motion for summary judgment on Edwards' breach of contract and common law fraud claims and a motion for partial traditional summary judgment on Edwards' DTPA, negligent misrepresentation, and fraud claims. ACCP contended that Edwards' fraud claims were defeated by the "as is" clause in the contract, and

the DTPA and negligent misrepresentation claims were barred by the two-year statute of limitations. ACCP's motion for traditional summary judgment was supported by, among other things, copies of the July 19, 2017, bill of sale; the vehicle's certificate of title; the affidavit of Charmaine Ramjattan, ACCP's manager; and a copy of Edwards' February 26, 2020 original petition. The bill of sale stated payment was received from Edwards for the purchase of the subject vehicle "in as is condition." The certificate of title showed an issuance date of October 24, 2017, and reflected "ACTUAL MILEAGE REBUILT SALVAGE – DAMAGED" under the heading "REMARKS." Ramjattan's affidavit stated the "as is" language in the bill of sale was "a crucial part of the basis of the bargain," and ACCP would not have sold the vehicle without the "as is" clause. Ramjattan's affidavit further averred no one at ACCP prevented Edwards from inspecting or obtaining a vehicle report on the subject vehicle before purchasing it.

Edwards did not respond to ACCP's no-evidence summary judgment motion. On July 22, 2020, Edwards filed a response to ACCP's motion for partial traditional summary judgment and a cross-motion for partial summary judgment that the bill of sale did not conspicuously disclaim any implied warranty.

On August 13, 2020, the trial court granted, in part, ACCP's partial summary judgment on Edwards' DTPA and negligent misrepresentation claims.[1] That same

---

[1] The trial court struck through "fraud" on the proposed order.

–3–

day, the trial court granted Edwards' cross-motion for summary judgment on "the disclaimer issue," finding as a matter of law that the "as is" language was not conspicuous within the meaning of the business and commerce code. On August 15, 2020, the trial court granted a default no-evidence summary judgment ordering that Edwards take nothing on his breach of contract and fraud claims.

On August 28, 2020, Edwards filed a motion to reform judgment, arguing the dismissal of his common law action for fraud conflicted with the trial court's grant of summary judgment in favor of Edwards on the grounds that the "as is" language in the underlying bill of sale was not conspicuous within the meaning of the Texas Business and Commerce Code. ACCP responded, asserting that the trial court's ruling that the "as is" language was not conspicuous did not give Edwards "an automatic pass to accuse [ACCP] of fraud." ACCP set out the elements of fraud and argued Edwards never responded with any evidence of the elements required to prove common law fraud.

On September 11, 2020, Edwards filed a motion to set aside default judgment asserting that the failure to file a response to ACCP's motion for no-evidence summary judgment on Edwards' breach of contract and fraud claims was the result of accident and mistake. Edwards requested that the trial court vacate its August 15, 2020 order granting no evidence summary judgment, order the clerk to file Edwards' response to ACCP's motion for no evidence summary judgment, and deny ACCP's motion for no evidence summary judgment.

ACCP filed a motion for sanctions against Edwards seeking its reasonable and necessary attorney's fees "in defending this frivolous lawsuit." On December 28, 2020, the trial court granted ACCP's motion for sanctions and awarded ACCP $8187.50 in attorney's fees and $759.77 in costs and expenses. The order stated that the trial court, "having considered the pleadings on file and the arguments of counsel," was of the opinion that ACCP's motion for sanctions should be granted. The order also determined that Edwards' lawsuit was "filed in bad faith and were [sic] baseless and groundless in fact and in law at the time of its filing."

On January 12, 2021, ACCP filed a motion for contempt for Edwards' refusal to pay the awarded sanctions. On March 22, 2021, the trial court issued an agreed final judgment dismissing with prejudice Edwards' claims and ACCP's counterclaims and awarding ACCP $8187.50 in attorney's fees and $759.77 in costs "pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code." This appeal followed.

## ANALYSIS

In his first issue, Edwards argues the trial court erred in allowing the default summary judgment dismissing his breach of contract and common law fraud claims to stand. A default judgment should be set aside only if the defendant proves the three familiar *Craddock* elements. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (requiring new trial if defendant shows (1) default was neither intentional nor conscious indifference, (2) meritorious defense, and (3)

new trial would cause neither delay nor undue prejudice). Here, Edwards only asserted in his motion to set aside default judgment that his failure to file a response to ACCP's motion for no-evidence summary judgment was the result of accident and mistake. Well short of proving the *Craddock* elements, Edwards failed to address all of the *Craddock* elements. *See id*. Under these circumstances, we conclude the trial court did not err in not setting aside the default summary judgment. We overrule Edwards' first issue.

In his second issue, Edwards argues the trial court erred in granting sanctions under Chapter 10. We review a trial court's imposition of sanctions under an abuse of discretion standard. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). An assessment of sanctions will only be reversed if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.*

Chapter 10 of the civil practice and remedies code provides for sanctions when parties advance frivolous pleadings and motions. Section 10.005 provides "A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed." TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2002). The use of the word "shall" in the statute indicates that the requirement for particularity in the sanction order is mandatory. *Sell v. Peters Fine Art, Ltd.*, 390 S.W.3d 622, 624 (Tex.

App.—Dallas 2012, no pet.) (citing *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet. denied).

Here, the order awarding sanctions stated that the trial court, "having considered the pleadings on file and the arguments of counsel," was of the opinion that ACCP's motion for sanctions should be granted. The order also determined that Edwards' lawsuit was "filed in bad faith and were [sic] baseless and groundless in fact and in law at the time of its filing." The agreed final judgment simply awarded ACCP $8187.50 in attorney's fees and $759.77 in costs "pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code." We determine that it was error for the trial court to enter the sanctions order without specifically detailing the sanctionable conduct and explaining the basis for the sanction imposed. *See id.* We conclude the trial court abused its discretion in failing to set forth facts or analysis in the judgment to support an award of sanctions. *See id.*; *Unifund*, 299 S.W.3d at 97. We sustain Edwards' second issue.

We reverse the trial court's award of sanctions in the amount of $8187.50 in attorney's fees and $759.77 in costs and render judgment that ACCP take nothing on its claim for sanctions.

In all other respects, the trial court's judgment is affirmed.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210301F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SURESH EDWARDS, Appellant

No. 05-21-00301-CV      V.

AHEAD OF THE CURVE
COLLISION & PAINTING, LLC,
Appellee

On Appeal from the Co Civil Ct at
Law No 3, Harris County, Texas
Trial Court Cause No. 1152003.
Opinion delivered by Justice
Goldstein. Justices Myers and
Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's award
of sanctions in the amount of $8187.50 in attorney's fees and $759.77 in costs is
**REVERSED** and judgment is RENDERED that Ahead of the Curve Collision and
Painting, LLC, take nothing on its claim for sanctions. In all other respects, the
judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 12th day of October 2022.